STATE OF MAINE
CUMBERLAND, ss.

UNIFIED CRIMINAL DOCKET
No. CR-14-1626

WAYNE STERLING,

Petitioner,

v.

STATE OF MAINE,

Respondent.

STATE OF MAINE
Cumberland, ss. Clerk's Office

AUG 2 4 2016

RECEIVED

ORDER

The history of this post-conviction proceeding and some of the difficulties that have been encountered are set forth in the court's order denying petitioner's motion to file a second amended petition dated August 23, 2016, and paragraphs 1-5 of that order are incorporated by reference.

1. Petitioner's amended offer of proof dated June 1, 2016 does not identify any specific information that would have been presented at sentencing if a PSI had been ordered. See order dated April 8, 2016 ¶ 6. Accordingly, Ground 3 of the Amended Petition is dismissed.

2. Ground 4 of the Amended Petition has already been dismissed. See April 8, 2016 order ¶ 7. Accordingly, the surviving grounds of the amended petition are Grounds 1(a), 1(b), 1(c) and 2(a).

3. Much of petitioner's amended offer of proof is not an improvement on petitioner's original offer in that, after beginning with a recitation as to what certain witnesses would or might testify, the offer then morphs into something approaching a lengthy and repetitive closing argument. As to certain of the proposed witnesses, however, the amended offer adequately specifies the testimony petitioner would propose to elicit.

4. As to other proposed witnesses, the amended offer is deficient. The witnesses in question are nurses Francine Falter and Dawn Hersom, doctors Robert Anderson and Samir Haydar, and Joseph Thornton. Petitioner's amended offer demonstrates that he does not know what Falter, Hersom. Anderson, and Haydar would say if called as witnesses, and he lists Thornton without specifying any expected testimony whatsoever.

5. Petitioner and his counsel have had more than two years since the amended petition was filed to prepare the case. Petitioner has also had two opportunities to file offers of proof in lieu of being required to file affidavits pursuant to U.C.D. Rule 72A(b)(9). Given the age of this case, it is too late to list further witnesses based on speculation.

6. Accordingly, testimony from Falter, Hersom, Anderson, Haydar, and Thornton will be excluded at the hearing. If the evidence and testimony at the hearing demonstrate that their testimony would be somehow essential to resolve the case, the court will be prepared to reconsider at that time.

Dated: August 24, 2016

_____
Thomas D. Warren
Justice, Superior Court

STATE OF MAINE
CUMBERLAND, ss.

UNIFIED CRIMINAL DOCKET
No. CR -14-1626

WAYNE STERLING,

Petitioner,

v.

STATE OF MAINE,

Respondent.

STATE OF MAINE
Cumberland, ss. Clerk's Office

AUG 2 4 2016

RECEIVED

ORDER

Before the court is petitioner's motion to file a second amended petition including claims of ineffective assistance against his appellate counsel. This motion is opposed by the State and has required the court to review the trial transcript and the appellate briefs.

1.      The history of this post conviction proceeding has been a source of considerable frustration and delay. It was originally filed in March 2014. After counsel was appointed and after a short extension, an amended petition was filed on July 3, 2014. That petition contended (1) that a plea offer had not been communicated to Sterling, (2) that trial counsel had assured Sterling he would never be convicted, (3) that trial counsel had failed to raise a *Brady* argument with respect to certain discovery violations, (4) that counsel had failed to obtain a presentence investigation for purposes of sentencing, and (5) that the State had also violated *Brady* by withholding information relating to the victim's criminal record. The amended petition also vaguely alleged that trial counsel should have called additional witnesses and offered additional evidence at trial.

2.      There was a significant delay in scheduling a conference with counsel, but after various attempts by the clerk's office to schedule a conference, one was finally held on September 10, 2015. After that conference the court issued an order dated September 11, 2015,

requiring Sterling's counsel to specify the identity of the witnesses Sterling contended should have been called at trial, the nature of the testimony Sterling contended those witnesses would have given if called, and the nature of any other evidence that Sterling contended should have been offered by trial counsel. That order also ordered Sterling to flesh out other aspects of his amended petition.

3. The deadline for submission of the offer of proof was November 10, 2015. However, counsel for petitioner sought an extension to the end of December and then Sterling, acting pro se, sought and received a further extension to the end of January 2016. After a short additional extension, the offer of proof was filed on February 2, 2016.

4. The February 2016 offer of proof was lengthy but confusing, and as to some issues the court was unable to discern what evidence would be offered beyond the evidence already in the trial record.[1] A second conference with counsel was held on April 7, 2016, at which time counsel for petitioner stated that he was considering whether to seek to amend the petition a second time to assert claims of ineffectiveness by appellate counsel. The court issued an order dated April 8, 2016 noting that the State would likely oppose a further amendment and giving Sterling a deadline of May 6, 2016 in which to file any motion to file a second amended petition. That order also directed Sterling to remedy defects in his offer of proof.

5. Counsel for petitioner sought and obtained a one week extension of the May 6 deadline. However, Sterling's motion to file a second amended petition and his amended offer of proof were not actually filed until June 1, 2016.

---

[1] A significant portion of Sterling's February 2, 2016 offer of proof reads like a closing argument, including, by way of example, a claim that the jury could not have relied on the victim's testimony "because there are only allegations back and forth between two people, which cannot add up to proof beyond a reasonable doubt." February 2, 2016 Offer of Proof at 8.

2

6. The State responded that at this late date Sterling should not be given further opportunities to raise additional grounds and that the grounds that Sterling is seeking to add are demonstrably without merit.

7. Rather than solely considering the untimeliness of Sterling's motion for leave to file a second amended petition, the court has reviewed the underlying file, the trial transcript, and the appellate briefs.

8. Sterling contends that his trial counsel, Derrick Banda, did not adequately object to certain alleged prosecutorial misconduct during cross-examination and summation and that his appellate counsel, William Maselli, did not adequately raise those issues on appeal. The trial transcript, however, offers no support for Sterling's contention that the prosecutor stood up and "interrupted the cross-examination" of the victim to tell the jury that the victim was traumatized. Proposed Second Amended Petition ¶ 4. In addition, although petitioner now contends that the prosecutor stated her personal opinions as to the credibility of the victim, a review of the closing argument demonstrates that the prosecutor's arguments were expressly based on the trial evidence.[2] The amended petition also contends that there was no basis for the prosecutor's statement that the victim was afraid for her life. However, the victim in fact testified, "I thought I was going to die." Trial Tr. 73.

9. The proposed amended petition also contends that appellate counsel did not adequately brief the State's alleged *Brady* violation. Proposed Second Amended Petition ¶ 5. That issue, however, was expressly raised at pages 12-21 of Maselli's appellate brief and was addressed by the Law Court in its Memorandum Decision affirming the conviction. *State v. Sterling*, Docket No. Cum-12-497, Decision No. Mem. 13-137 (December 24, 2014).

---

[2] E.g., Trial Tr. 387-88 (after outlining various tools available to assess credibility, prosecutor stated, "When we use these tools and evaluate the testimony of Laura and the defendant, I submit to you that the testimony of Laura Barter is the only credible version of what happened on October 1st and 2d").

3

10.     Finally, the proposed amended petition attempts to resurrect the argument that the jury instructions were flawed based on the definitions of "bodily injury" and "serious bodily injury." Proposed Second Amended Petition ¶ 7. That argument was raised in Maselli's appellate brief at pages 10-12 and was expressly rejected by the Law Court in its memorandum decision.

11.     The proposed second amended petition was untimely. The motion to amend was not filed until 23 months after the amended petition and, if granted, would inevitably cause further delay. Moreover, the court cannot find that the proposed amendments raise any legitimate grounds for granting post-conviction relief. Accordingly, the court does not find good cause for the proposed amendment, U.C.D. Rule 70(c)(3), and the motion to amend is denied.[3]

12.     A separate order shall be issued with respect to petitioner's Amended Offer of Proof.

Dated: August 23, 2016

Thomas D. Warren
Justice, Superior Court

---

[3] To the extent that proposed second amended petition also argues that the cumulative effect of trial counsel's errors amounted to ineffectiveness justifying post-conviction relief, Proposed Second Amended Petition ¶ 6, the court is prepared to consider that argument without granting leave to amend. To the extent that ineffectiveness and prejudice are proven, the cumulative effect can always be considered.

4